

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00082-CR

_____


ISAIAH CHRISTOPHER ROBERTS, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 44,118-A



Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Isaiah Christopher Roberts was convicted by a Gregg County jury of capital murder and was sentenced to life imprisonment. The trial court appointed Hough-Lewis "Lew" Dunn to represent Roberts on appeal, and Dunn timely perfected Roberts' appeal from the judgment memorializing Roberts' capital murder conviction and sentence. The appellate record was filed in this Court, and a briefing schedule was established. Under the schedule, Roberts' appellate brief is currently due on or before January 2, 2017. Dunn recently filed a motion in this Court seeking an abatement of the matter to the trial court to clarify whether Roberts has retained other counsel to represent him on appeal.

Dunn apparently received a communication from Attorney James W. Volberding suggesting that he had been retained to represent Roberts and seeking Dunn's approval on a motion to substitute counsel. Dunn indicates that, at the time he filed his motion, he had not received a proposed motion to substitute counsel and no such motion had been filed in the trial court. We can confirm that no motion to substitute counsel has been filed in this Court. In an effort to determine whether he should continue working on this appeal, Dunn filed a Motion for Determination of Counsel on Appeal in the trial court that is set for hearing on December 16, 2016. In an effort to return jurisdiction to the trial court for purposes of that hearing, Dunn also filed his motion for abatement in this Court.

We hereby grant Dunn's motion and abate this appeal to the trial court to determine who is representing Roberts in this appeal. More specifically, the trial court is directed to determine whether Roberts still desires to prosecute this appeal. Assuming that he does, then the trial court

2

is directed to determine whether Volberding or some other attorney has been retained to represent Roberts on appeal and whether Roberts desires to have Volberding or some other retained attorney substituted as his counsel of record on appeal. If Roberts has retained counsel and seeks the substitution of counsel, then the trial court is instructed to relieve Dunn of his duties in this matter and to so advise this Court. If Roberts has not retained other counsel and desires to continue with Dunn as his representative, the trial court should simply report those facts to this Court. The trial court is directed to make appropriate findings and recommendations and to have a record of the proceedings prepared. Finally, the trial court is directed to instruct the attorney who will be representing Roberts moving forward that the briefing deadline we establish once this case is returned to our jurisdiction will be firm and that this appeal should be given priority for purposes of meeting that deadline.

The hearing in the trial court shall be conducted within ten days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within ten days of the date of the hearing. Any supplemental clerk's record should likewise be filed within ten days of the date of the hearing.

The appellant's briefing deadline previously established by this Court is hereby withdrawn, and we will establish a new briefing deadline upon the return of this matter to our jurisdiction through the filing of the supplemental clerk's and reporter's records.

IT IS SO ORDERED.

BY THE COURT

Date:   December 14, 2016